CLARENCE WESLEY V. THE STATE OF TEXAS







NO. 07-09-0218-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 5, 2009
                                       ______________________________

CLARENCE LAMOUNT WESLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 59619-D; HONORABLE DON EMERSON, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Clarence Lamount Wesley, appeals his conviction for the offense of
Hindering Apprehension or Prosecution, and sentence of 25 years confinement in the
Institutional Division of the Texas Department of Criminal Justice. We will dismiss the
appeal for want of jurisdiction.
          A timely notice of appeal is necessary to invoke a court of appeal’s jurisdiction. 
Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of
appea that wasl timely filed, in compliance with the requirements of the Texas Rules of
Appellate Procedure, a court of appeals does not obtain jurisdiction to address the merits
of the appeal in a criminal case and can take no action other than to dismiss the appeal. 
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 
          From the docketing statement, it would appear sentence was imposed on May 4,
2009. Appellant was required to give notice of appeal within 30 days after the day
sentence was imposed or within 90 days after the day sentence was imposed if appellant
filed a motion for new trial. Tex. R. App. P. 26.2(a). There is no indication that appellant
filed a motion for new trial, making appellant’s notice of appeal due on or before June 3. 
Appellant filed his notice of appeal on June 30. Appellant’s failure to file a timely notice of
appeal prevents this court from having jurisdiction over his appeal. Slaton, 981 S.W.2d at
210. Consequently, the appeal is dismissed for want of jurisdiction.


 
 




                                                                                      Mackey K. Hancock

                                                                                                 Justice







Do not publish.